WILL OF NIEMAN: MACK and another, Respondents, vs. WAHL and others, Appellants.

*November 13—December 8, 1936.*

For the appellants there were briefs by *Quarles, Spence & Quarles* of Milwaukee and *Kirkland, Fleming, Green, Martin & Ellis* of Chicago, Illinois, attorneys, and *Ungaro & Sherwood,* of Chicago of counsel for Paula Pierce, and oral argument by *Jay Frederick Reeve* and *Lyman W. Sherwood,* both of Chicago, and *Kenneth E. Smart* of Milwaukee.

*James D. Shaw* of Milwaukee, for the respondents.

For legatees there were briefs by *Lines, Spooner & Quarles,* attorneys for William Wallace Rowland, Sybil M. Schley, and the Milwaukee Children's Hospital Association, and *Louis Quarles* and *Maxwell H. Herriott* of counsel, and by *Michael Levin,* attorney for William Soechtig, all of Milwaukee, and oral argument by *Mr. Herriott* and *Mr. Levin.*

MARTIN, J.   While the record in this case is large and imposing, but a single question was presented upon the appeal, Are the findings of the trial court against the great weight and clear preponderance of the evidence? If they are not, the judgment must be affirmed. This case was ably argued and fully presented. We have given careful consideration to all the testimony, and are of the view that not only are the findings of the trial court not against the great weight and clear preponderance of the evidence, but they are supported by the great weight and clear preponderance of the evidence, so that, if the trial court had arrived at a con-

trary conclusion, we should have been obliged to reverse the judgment.

A consideration of the record convinces the court that the testatrix not only had mental capacity sufficient to make a will, but she had mental capacity and business acumen far above that of the average testator, and she retained this capacity to a time subsequent to the making and execution of the will.

Ordinarily the judgment would be affirmed under Rule 64, which provides:

"In cases where the order or judgment is affirmed, opinions will not hereafter be written unless the questions involved be deemed by this court of such special importance or difficulty as to demand treatment in an opinion."

As a general rule, cases involving questions of fact are so affirmed. In this connection, however, it should be said that every case receives exactly the same consideration and treatment down to the point where a decision is reached. After a decision is reached, the court then determines whether or not an opinion should be written. Manifestly, where the case deals with nothing but a question of fact, no useful purpose would be served by the writing of an opinion which merely involved a long statement of facts followed by the conclusion that the judgment of the trial court was right.

There was a motion to dismiss the appeal on the ground that it was frivolous and taken for delay. It was heard at the time of the argument on the appeal. The motion to dismiss the appeal will be denied. The judgment will be affirmed and the clerk directed to remit the record forthwith. We are moved to this direction by the fact that it was made to appear to the court on the motion to advance the case for argument that certain important determinations are dependent upon a final decision of this case. No useful purpose would be served by retaining the record longer in this court,

and could only result in delay which would be of advantage to no one and might seriously embarrass the administration of the estate of the deceased and the execution of her will.

*By the Court.*—The motion to dismiss the appeal is denied, and the judgment is affirmed. The clerk is directed to remit the record to the trial court forthwith.